IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs May 30, 2000

## TAMMY C. POWELL v. CHARLEY CRISP, ET AL.

**Direct Appeal from the Chancery Court for Bradley County**
**No. 98-285   Jerri S. Bryant, Chancellor**

**FILED OCTOBER  18, 2000**

**No. E1999-02539-COA-R3-CV - Decided**

This is a suit wherein Tammy C. Powell, formerly Bird, seeks custody of her minor children, Joshua Daniel Bird (DOB 2/2/86) and Cherish Richelle Bird (DOB 8/25/88), who are now in the custody of her parents.  The Trial Court was of the opinion that the Court of Indian Offenses of the Eastern Band of Cherokee Indians,  located in Cherokee, North Carolina, the Court which initially awarded a divorce to Richard Bird and later granted custody of the children to the maternal grandparents, Charley and Peggy Crisp, had exclusive jurisdiction of any action seeking to change custody, and accordingly dismissed the petition.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Cause Remanded**

Houston M. Goddard, P.J., delivered the opinion of the court, in which Herschel P. Franks and Charles D. Susano, Jr., JJ., joined

Lori F. Fleishman of Knoxville, Tennessee, for the appellant Tammy C. Powell

No brief filed by the appellees

**OPINION**

This is a suit wherein Tammy C. Powell, formerly Bird, seeks custody of her minor children, Joshua Daniel Bird (DOB 2/2/86) and Cherish Richelle Bird (DOB 8/25/88), who are now in the custody of her parents.

The Trial Court was of the opinion that the Court of Indian Offenses of the Eastern Band of Cherokee Indians,  located in Cherokee, North Carolina, the Court which initially awarded a divorce to Richard Bird and later granted custody of the children to the maternal grandparents,

Charley and Peggy Crisp, had exclusive jurisdiction of any action seeking to change custody, and accordingly dismissed the petition.

At the time of the divorce and initial award of joint custody to the parents, the children and the parents were residing within the reservation of the Indian Tribe, although at the time of the filing of the petition in this case they were residing with their maternal grandparents in Bradley County, Tennessee.

The Federal Statute addressing the question presented here is found in the Indian Child Welfare Act which, as pertinent to this appeal, provides, at 25 U.S.C.A. 1911, the following:

> § 1911.  Indian tribe jurisdiction over Indian child custody proceedings
>
> (a)  Exclusive jurisdiction
>
> An Indian tribe shall have jurisdiction exclusive as to any State over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe, except where such jurisdiction is otherwise vested in the State by existing Federal law.  Where an Indian child is a ward of a tribal court, the Indian tribe shall retain exclusive jurisdiction, notwithstanding the residence or domicile of the child.

At the outset, we note that because the question presented is one of law our review is *de novo* without any presumption as to the correctness of the Trial Court's determination. <u>Union Carbide Corp. v. Huddleston</u>, 854 S.W.2d 87 (Tenn.1993).

The following is a chronological list of the pertinent material found in the record:

1.      February 25, 1992.  Divorce decree granting Richard Bird a divorce from Tammy Crisp Bird, now Powell.  This order also incorporated a separation agreement as to custody (the parents were granted joint custody), visitation and support of two minor children, Joshua Daniel Bird, then age six, and Cherish Richelle Bird, then age three.

2.      May 14, 1996.  Order by the Court of Indian Offenses granting Charley and Peggy Crisp, maternal grandparents, custody of the two children.  In this order the Court made the following conclusion of law:

> 1.      That this Court does have jurisdiction over this matter and shall continue to exercise that jurisdiction until such time as it is no longer in the best interest of the minor children.

3.      November 20, 1998.  Petition of Mrs. Powell for the registration and enrollment of the final decree of divorce by the Indian Court.

4.      November 20, 1998.  Petition by Mrs. Powell for a change of custody.

5.      January 14, 1999.  Motion by Peggy Crisp to contest jurisdiction and to dismiss.

6.      March 9, 1999.  Order of the Chancery Court for Bradley County, taking the motion to dismiss under advisement and directing counsel to provide the Court of Indian Offenses "a copy of all pleadings filed to date in this matter.  The Court also ordered that the Indian Court shall be permitted thirty (30) days from the date of this Order to state its position and/or interpretation, in writing, to this Court, in regard to whether the minor children of the parties were deemed wards of the Court pursuant to the previous Order of the Indian Court, entered on May 14, 1996, in the matter of Richard Bird v. Tammy Crisp Bird, case number CV 92-116."

7.      March 16, 1999.  Response and order of Indian Court reciting in part and ordering in part the following:

> 3.  Both minor children, Cherish Richelle Bird, DOB 08/25/88, RR#9170, and Joshua Daniel Bird, DOB 02/04/86,[1] RR#8545, are enrolled members of the Eastern Band of Cherokee Indians.
>
> . . . .
>
> 7.  In order for this Court to place these Indian children in a home other than with their natural parents, they must have been declared "wards" of the Court, and it was the intention of the Order of May 14, 1996, to do that.
>
> . . . .
>
> **IT IS NOW THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**
>
> 1.  The Court of Indian Offenses for the Eastern Band of Cherokee Indians retains jurisdiction over the custody of the minor children, CHERISH RICHELLE BIRD and JOSHUA DANIEL BIRD.
>
> 2. Any petition or motion for change of custody or change of venue should first be ruled upon by this Court, and these two minor children are wards of this Court.
>
> 3.  Any action or petition to change the jurisdiction of this case must be filed with the Court of Indian Offense for the Eastern Band of Cherokee Indians,

---

[1] The petition of Mrs. Powell shows the date of birth to be February 2, 1986.

and must show to the Court that it is in the best interest of the children to have the jurisdiction released to another Court.

We note that the Judge who entered the order of March 16, 1999, stating that it was the intent of the earlier order to make the children wards of the court, was not the Judge who entered that order. We ordinarily would question whether one judge would know the intent of another; however, in this case, the order of March 16 states that the children must have been declared wards of the Court, or the Court would have no authority to place them in a home other than with their natural parents. Our conviction is buttressed by the fact that, as shown by the order of May 14, 1996, the Court retained continuing jurisdiction of the children. Finally, we observe that the order of March 9, 1999, specifically finds that they are wards of the court.

Thus, we find the Trial Court was not in error in dismissing the case because exclusive jurisdiction was in the Indian Court.

Before concluding, we note there is conflicting evidence relative to the reason the Indian Court dismissed Mrs. Powell's petition to change custody which was originally filed there. She contends it was done because the Trial Court said the case was "closed," but an affidavit of Mrs. Crisp states that the Trial Court did not want to hear the petition until criminal charges against Mrs. Powell's present husband relating to child abuse were resolved. However that may be, if the Indian Court will not accept jurisdiction it will be appropriate for Mrs. Powell to re-file her petition for custody as she certainly has a right to pursue her claim in some court.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mrs. Powell and her surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

-4-